UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV - 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Audrey Carter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 1825** |
| ) | |
| President George Bush *et al.* ) | |
| ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff, a resident of Charlotte, North Carolina, states that she is "filing this civil discrimination case against many high profile politicians and government officials." Complaint ("Compl.") at 2. Indeed, her list of defendants includes President Barack Obama, former "President George Bush," Secretary of Defense Leon Panetta, and Secretary of State Hillary Clinton, as well as Queen Elizabeth of England, and "Pope John Paul of England." Compl.'s Caption. The plaintiff accuses defendants of such bizarre behavior as conducting "illegal research of my brain, kidney, heart and baby coloning [sic] and in vitro fertilization . . . ." Compl. at 2. She demands, among other relief, $300 trillion. *Id.*

The plaintiff's outlandish accusations are the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325



(1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

This is but the latest of the plaintiff's complaints this Court has dismissed as frivolous. *See Carter v. Romney*, Civ. Action No. 12-1648, slip. op. (D.D.C. Oct. 4, 2012); *Carter v. Obama*, Civ. Action No. 12-0482, slip. op. (D.D.C. Mar. 29, 2012); *Carter v. Dempsey*, Civ. Action No. 11-1696, slip. op. (D.D.C. Sept. 20, 2011) (citing *Carter v. Dempsey*, Civ. Action No. 11-1580)), *aff'd,* No. 11-5284 (D.C. Cir. Jan. 27, 2012). Like these previous cases, this case will be dismissed with prejudice, and the plaintiff is warned that her persistence in submitting frivolous lawsuits for filing may result ultimately in the Court enjoining her from the privilege of proceeding *in forma pauperis* in future actions. *See Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (approving the denial of an abusive litigant's "IFP status prospectively."); *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007) ("Butler may continue to engage in this pastime [of filing repetitive actions] if he wishes, but if he chooses to do so here, it will have to be on his own dime."); *see also Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion . . ., and denied in the court's

discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.") (citations omitted).[1]

                                            /s/ Reggie B. Walton
                                            United States District Judge

Date: October 28, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.